UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

YOLANDA JONES                                                   CIVIL ACTION

VERSUS                                                          NO. 06-3721

SOCIAL SECURITY ADMINISTRATION                                 SECTION "I"(2)


## FINDINGS AND RECOMMENDATION

Plaintiff, Yolanda Jones, proceeding pro se, apparently seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of an unfavorable decision of the Commissioner of the Social Security Administration (the "SSA"), dated August 27, 1999, denying plaintiff's claim for reinstatement of discontinued childhood Supplemental Security Income benefits ("SSI") under Title XVI of the Act.  42 U.S.C. §§ 405(g), 1382c(a)(3)(c).  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2E(B).

The court has twice ordered Jones to appear in person to explain the nature of her claim, Record Doc. Nos. 5 and 11, but she failed to appear either on October 4, 2006 or December 13, 2006, as ordered.

On November 28, 2006, the Commissioner filed a Motion to Dismiss Plaintiff's Complaint and noticed the motion for hearing on December 20, 2006 at 11:00 a.m.

without oral argument.  Record Doc. No. 14.  On November 29, 2006, the court ordered plaintiff to file a written response to the motion by December 12, 2006.  In that order, the court warned Jones that a failure to respond might result in a recommendation that defendant's motion should be granted without a further hearing.  Record Doc. No. 13.

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers prior to the date set for hearing of the motion.  No memorandum in opposition to defendant's motion has been timely submitted.  Accordingly, the motion is deemed to be unopposed.

I.   <u>PROCEDURAL HISTORY</u>

The following facts are established by the declaration under penalty of perjury of Patrick J. Herbst, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, which was filed as Exhibit A to defendant's motion.  The Commissioner's records reveal that Jones filed a request for hearing by an Administrative Law Judge ("ALJ") concerning the agency's determination that plaintiff's childhood disability had ceased.  After a hearing was held, the ALJ issued an unfavorable decision on August 27, 1999.

On September 8, 1999, Jones filed a request for review of that decision.  On October 5, 2001, the Appeals Council denied the request for review.

2

In the ordinary course of business, the Appeal's Council's notice is mailed to the claimant and any appointed counsel of record.  The administrative record contains no indication that Jones either requested additional time to file a civil action or that any such additional time has been granted.

The SSA denied an application by Jones on September 27, 2006 for Disability Insurance Benefits ("DIB") under Title II of the Act because she did not meet the insured status requirements.

Jones also filed a new application for SSI on September 27, 2006.   This application is currently pending at the state agency.

The Commissioner has moved to dismiss plaintiff's complaint.  Defendant argues that the court lacks subject matter jurisdiction as to any of plaintiff's applications for benefits because Jones failed to seek timely judicial review of the August 27, 1999 decision and she has failed to exhaust her administrative remedies as to the agency decision denying her September 27, 2006 DIB application and her still pending application for adult SSI benefits.

II.    ANALYSIS

Only "final decisions" of the Commissioner are subject to judicial review. Califano v. Sanders, 430 U.S. 99, 107-08 (1977); Brandyburg v. Sullivan, 959 F.2d 555, 559 (5th Cir. 1992).  "A 'final decision' is a particular type of agency action, and not all

agency determinations are final decisions."  Bacon v. Sullivan, 969 F.2d 1517, 1519 (3d

Cir. 1992) (citing Califano, 430 U.S. at 107-08).

Section 405(g) of the Act provides:  "Any individual, after any final decision of

the Secretary made after a hearing to which he was a party . . . may obtain a review of

such decision by a civil action commenced within sixty days after the mailing to him of

notice of such decision . . . ."  42 U.S.C. § 405(g) (emphasis added).  Section 405(h)

provides:  "The findings and decision of the Secretary after a hearing shall be binding

upon all individuals who were parties to such hearing.  No findings of fact or decision

of the Secretary shall be reviewed by any person, tribunal, or governmental agency

except as herein provided."  Id. § 405(h) (emphasis added).

After the Appeals Council denied review of the ALJ's August 27, 1999 decision

concerning plaintiff's application for reinstatement of childhood SSI, the ALJ's decision

became final for purposes of this court's review.

Section 405(g) of the Act requires "that claims [for judicial review] must be

presented in the District Court within 60 days of a final decision of the Secretary."

Bowen v. City of N.Y., 476 U.S. 467, 478 (1986).  An aggrieved individual "may obtain

a review of such decision by a civil action commenced within sixty days after the mailing

to him of notice of such decision." 42 U.S.C. § 405(g).  The Commissioner's "regulations

clarify that a civil action must be commenced within sixty days after the notice 'is

4

received by the individual.'  The regulations also establish a rebuttable presumption that 'the date of receipt of notice . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.'"  Flores v. Sullivan, 945 F.2d 109, 111 (5th Cir. 1991) (quoting 20 C.F.R. § 422.210(c) (1990)); accord Kinash v. Callahan, 129 F.3d 736, 737 (5th Cir. 1997).

The claimant may request an extension of time for requesting review and an extension will be granted if she shows good cause for missing the filing deadline. Brandyburg, 959 F.2d at 559; Harper, 813 F.2d at 739; 20 C.F.R. § 416.1468(b).

Jones has provided no evidence that she did not receive notice of the Appeals Council's decision within five days after it was issued on October 5, 2001.  Therefore, if she wanted judicial review, she was required to file a lawsuit within 60 days after she presumptively received notice.  She did not seek any extension of the filing deadline. However, she did not file the instant civil action until July 14, 2006, more than four years after she received presumptive notice of the Appeals Council's decision.

If a claimant fails to appeal the denial of a disability claim within the 60-day limitations period (or any extended time period that has been granted), the claim becomes final and unappealable.  Brown v. Apfel, 192 F.3d 492, 495 (5th Cir. 1999) (citing 20 C.F.R. § 404.957(c)(1); Muse v. Sullivan, 925 F.2d 785, 787 n.1 (5th Cir. 1991)); Flores, 945 F.2d at 113; Triplett v. Heckler, 767 F.2d 210, 212-13 (5th Cir. 1985).  Because

Jones failed to appeal the final decision of the Appeals Council issued on October 5, 2001, she lost the right to seek judicial review of that final decision.  Accordingly, her complaint must be dismissed as time-barred.  <u>Flores</u>, 945 F.2d at 113.

Defendant argues that this result means that the court lacks subject matter jurisdiction over plaintiff's attempted appeal of the August 27, 1999 final decision. However, the 60-day time limit for filing suit is a statute of limitations and is not jurisdictional.  <u>Id.</u>  Accordingly, IT IS ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction, which incorporates a declaration under penalty of perjury that recites facts outside the pleadings, is converted to a motion for summary judgment under Fed. R. Civ. P. 56.  <u>Pettway ex rel. Pettway v. Barnhart</u>, 233 F. Supp. 2d 1354,1364 (S.D. Ala. 2002) (citing <u>Bowen</u>, 476 U.S. at 478; <u>Flores</u>, 945 F.2d at 110 n.3). Thus, the recommended ground for dismissal is the time bar imposed by the statute of limitations, rather than lack of jurisdiction.

Jones has already received notice that the court would consider dismissing her complaint if she failed to respond in writing to defendant's motion to dismiss.  Record Doc. No. 13.  Further, she has twice failed to appear personally, as ordered.  Therefore, the court sees no reason to afford her still another opportunity to respond to the converted motion for summary judgment.  <u>See</u> Fed. R. Civ. P. 56(c) (summary judgment motion must be served at least 10 days before hearing date).

In addition, to the extent that Jones might be trying to appeal the denial of her September 2006 application for DIB or be seeking judicial review of her pending, but still undecided, application for SSI, the court lacks subject matter jurisdiction of any such appeal.  Plaintiff must first exhaust her administrative remedies and obtain a "final decision," as defined above, before she can seek judicial review concerning either of those applications.

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that the Commissioner's motion for summary judgment be GRANTED and that plaintiff's complaint as to the August 27, 1999 final decision of the Commissioner be dismissed WITH PREJUDICE as time-barred.

IT IS FURTHER RECOMMENDED that the Commissioner's motion to dismiss be GRANTED and that plaintiff's complaint, to the extent it pertains to her September 2006 applications for DIB and SSI. be dismissed WITHOUT PREJUDICE for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

7

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __21st__ day of December, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE